

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 14, 1961

Honorable Lynn Brown
Administrator
Texas State Board of Plumbing Examiners
904 Lavaca Street
Austin, Texas

Opinion No. WW-1222

Re: Whether the Position
Classification Act
of 1961 applies to
the Texas State
Board of Plumbing
Examiners.

Dear Mr. Brown:

You have requested an opinion from this office
on the question of:

". . .whether the Texas State Board
of Plumbing Examiners is subject to the
Position Classification Act of 1961,
recently enacted by the Regular Session
of the 57th Legislature."

The Position Classification Act of 1961, House
Bill 189, Acts of the 57th Legislature, Regular Session,
1961, Chapter 123, page 238, provides in part as follows:

"Sec. 2  All regular, full-time
salaried employments within the depart-
ments and agencies of the State specified
in Article III, . . .of the bienniel
Appropriations Act, shall conform with
the Position Classification Plan herein-
after described and with the salary
rates and provisions of the applicable
Appropriations Act commencing with the
effective date of this Act, with the
exceptions and deferments hereafter
provided in this Section.

"Effective January 1, 1962, all
regular, full-time salaried employments
in executive or administrative agencies
of the State, regardless of whether
their funds are kept inside or outside

the State Treasury, shall also conform
with the Position Classification Plan
hereinafter described and with the
salary rates and provisions of the
General Appropriations Act with the
exceptions hereinafter provided in
this Section.

"  . . .

"Specifically excepted from the
Position Classification Plan herein-
after described are . . .such other
positions in the State Government as
have heretofore been or as may here-
after be excluded from such Position
Classification Plan . . . by direction
of the Legislature." (Emphasis added)

In Attorney General's Opinion No. WW-1095 (1961),
this office held that the Position Classification Act
of 1961 did not apply to the Finance Commission and the
Banking and Savings and Loan Departments. In such
opinion reference was made to certain portions of Article
342-112, Vernon's Civil Statutes, which provide that:

" . . .Fees, penalties and revenues
collected by the Banking Department from
every source whatsoever shall be retained
and held by said Department, and no part
of such fees, penalties and revenues
shall ever be paid into the General
Revenue Fund of this State. All expenses
incurred by the Banking Department shall
be paid only from such fees, penalties
and revenues, and no such expense shall
ever be a charge against the funds of
this State. The Finance Commission
shall adopt, and from time to time amend,
budgets which shall direct the purposes,
and prescribe the amounts, for which
the fees, penalties and revenues of the
Banking Department shall be expended; . . ."

and the conclusion was reached in Attorney General's
Opinion WW-1095 (1961) that the Legislature considered
that the Finance Commission and the Banking Department
had been previously excluded from the Position Classi-
fication Act of 1961 by virtue of the provisions found
in Article 342-112.

As to the Texas State Board of Plumbing Examiners, we find in Section 5 of Article 6243-101, Vernon's Civil Statutes, the provision that:

"The Board shall administer the provisions of this Act. . . . The Board is hereby authorized and empowered to employ, promote and discharge such assistants and employees as it may deem necessary to properly carry out the intent and purpose of this Act, and to fix and pay their compensation and salaries and to provide for their duties and the terms of their employment. . . ." (Emphasis added)

In addition Section 7 of Article 6243-101 provides that:

"All expenses incurred under this Act shall be paid from the fees collected by the Board under this Act. No expense incurred under this Act shall ever be a charge against the funds of the State of Texas. . . .; but no fees collected hereunder shall ever be paid into the General Fund of this state."

Due to the similarity of language found in Article 342-112 and Section 5 and Section 7 of Article 6243-101, the conclusion logically follows and we are of the opinion that the Legislature considered that the Texas State Board of Plumbing Examiners had been previously excluded from the Position Classification Plan of 1961 by virtue of the provisions found in Section 5 and Section 7 of Article 6243-101.

Any other conclusion would render meaningless the provision of Section 2 of the Position Classification Act of 1961 that:

"Specifically excepted from the Position Classification Plan hereinafter described are . . . such other positions in the State Government as have heretofore been or as may hereafter be excluded from such Position Classification Plan . . . by direction of the Legislature." (Emphasis added)

## S U M M A R Y

The Position Classification Plan, extablished by the Position Classification Act of 1961, does not apply to the Texas State Board of Plumbing Examiners.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:lgh:kh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Eugene Smith
Morgan Nesbitt
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.